1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2   Including Professional Corporations
   DANIEL J. McQUEEN, Cal. Bar No. 217498
3 | dmcqueen@sheppardmullin.com
   MELISSA M. SMITH, Cal. Bar No. 279467
4 | melissasmith@sheppardmullin.com
   ALEXANDER RAFUSE, Cal. Bar No. 346189
5 | arafuse@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6 | Los Angeles, California 90071-1422
   Telephone:  213.620.1780
7 | Facsimile:   213.620.1398

8 | Attorneys for Defendants
   MEMORIAL HEALTH SERVICES and
9 | LONG BEACH MEMORIAL MEDICAL
   CENTER

10

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

| | |
|---|---|
| 14 AMY L. STENDAL, individually and on behalf of herself and all others 15 similarly situated. | Case No. LASC Case No. 23STCV00566 |
| 16 Plaintiff, | **DEFENDANTS MEMORIAL HEALTH SERVICES AND LONG** |
| 17 v. | **BEACH MEMORIAL MEDICAL CENTER'S NOTICE OF** |
| 18 MEMORIAL HEALTH SERVICES, a | **REMOVAL OF ACTION PURSUANT TO 29 U.S.C. § 185** |
| California Nonprofit Corporation; 19 LONG BEACH MEMORIAL | **(LMRA PREEMPTION) AND 28 U.S.C. § 1441(a) (FEDERAL** |
| MEDICAL CENTER, a California 20 Nonprofit Corporation; MILLER | **QUESTION)** |
| CHILDREN'S HOSPITAL LONG 21 BEACH AUXILIARY, INC. a | [*Filed Concurrently with: Corporate Disclosure Statement; Notice of* |
| California Nonprofit Corporation, and 22 DOES 1-50, inclusive, | *Interested Parties; and Declarations of Cynthia Rocha and Melissa M. Smith in* |
| 23 Defendants. | *support of Defendants' Notice of Removal of Action*] |
| 24 | |
| 25 | Complaint Filed: January 11, 2023 Trial Date:  None set |

26

27

28

-1-

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendants Memorial Health Services and Long Beach Memorial Medical Center hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California.

This Court has subject matter jurisdiction over Plaintiff's lawsuit. As explained by Curtis et al. v. Irwin Industries, Inc., 913 F.3d 1146, 1149-1150 (2019), Plaintiff's "claim for overtime pay is preempted under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514, and [Plaintiff] worked under such an agreement." In Curtis, the Court explained, "[b]ecause [Plaintiff's] right to overtime exists solely as a result of the CBA, his claim that [Defendant] violated overtime requirements … is preempted under § 301." Id. at 1155 (internal citation omitted for clarity). Here, removal is proper based on these grounds, as set forth more fully below.

## BACKGROUND

1.      Plaintiff began employment with Defendant Long Beach Memorial Medical Center on June 18, 2003, as a Registered Nurse. Declaration of Cynthia ("Rocha Decl."), ¶ 2. Plaintiff resigned from her employment with Long Beach Memorial Medical Center effective January 26, 2022. Id.

2.      Since at least July 15, 2018 (i.e., four years and 178 days before this lawsuit was filed in light of Emergency Rule 9) through the end of her employment, Plaintiff was a member of the California Nurses Association. Rocha Decl., ¶ 3. As a member of this union, the terms and conditions of Plaintiff's work were subject to a collective bargaining agreement ("CBA"). Id. A true and correct copy of the CBA in effect between the California Nurses Association and Long Beach

Memorial Medical Center beginning May 26, 2016 through December 22, 2019, is attached to the concurrently filed Declaration of Cynthia Rocha and marked "**Exhibit A**." Rocha Decl., at ¶ 3 & Exhibit A. A true and correct copy of the CBA in effect between the California Nurses Association and Long Beach Memorial Medical Center effective December 23, 2019 through June 23, 2022, is attached to the concurrently filed Declaration of Cynthia Rocha and marked "**Exhibit B**." Rocha Decl., at ¶ 3 & Exhibit B. The CBAs expressly provide for the wages, hours of work, including overtime, and working conditions of employees. Rocha Decl., at ¶ 3 & Exhibit A, at pp. 15-20 (working conditions), 22-24 (hours of work, including overtime), 24-26 (compensation); Id. at ¶ 3 & Exhibit B, at pp. 15-24 (working conditions), 25-27 (hours of work, including overtime), 28-31 (compensation).

3.      On or about January 11, 2023, Plaintiff filed a proposed class action complaint against Defendants in the Superior Court of the State of California, County of Los Angeles, Case No. 23STCV00566 (the "Complaint"). A true and correct copy of the Complaint is attached to the concurrently filed Declaration of Melissa M. Smith and marked "**Exhibit C**."

4.      On January 25, 2023, Defendants were served with Plaintiff's Complaint by electronic service. A true and correct copy of the Proof of Service for each Defendant is attached to the concurrently filed Declaration of Melissa M. Smith and marked "**Exhibit D**."

5.      The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Defendant Long Beach Memorial Medical Center, on behalf of a proposed class of all non-exempt employees of Defendant who worked in California at any time since July 15, 2018. Specifically, Plaintiff brings claims for: (1) failure to pay minimum wages; (2) failure to pay overtime; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages during employment; (6) failure to timely pay wages owed upon separation of employment; (7) failure to reimburse necessary expenses; (8) knowing

and intentional failure to comply with itemized wage statement provisions; and (9) violation of the Unfair Competition Law.  <u>See generally</u> Declaration of Melissa M. Smith ("Smith Decl."), at ¶ 2 & Exhibit C.

6.      Defendants filed and served their answer to Plaintiff's Complaint in state court on February 23, 2023, just prior to filing and serving this Notice of Removal.  Pursuant to Defendants' affirmative defenses, Defendants contend Plaintiff's overtime claim is preempted by the Labor Management Relations Act.  A true and correct copy of Defendants' Answer is attached to the concurrently filed Declaration of Melissa M. Smith and marked hereto as "**Exhibit E**."

## TIMELINESS OF REMOVAL

7.      This Notice of Removal is timely as it is being filed within 30 days of the first receipt by a defendant of a copy of an "order or other paper" (in this case, the Complaint) from which it was first ascertained the case had become removable.  28 U.S.C. § 1446(b)(3).

## LMRA PREEMPTION UNDER 29 U.S.C. § 185

8.      Plaintiff's overtime claim in the Complaint is completely preempted by 29 U.S.C. § 185 (i.e., § 301 of the LMRA) and, thus, this case may be removed pursuant to 28 U.S.C. § 1441(a).  <u>See</u> <u>Curtis</u>, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.  In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court.") (internal citation omitted for clarity).

9.      As her second cause of action, Plaintiff alleges that Defendants failed to pay daily overtime (i.e. overtime for hours worked over 8 in a day) and weekly overtime (i.e. overtime for hours working over 40 in a week) pursuant to Labor Code section 510.  Smith Decl., at ¶ 2 & Exhibit C, ¶ 68.

10.     Pursuant to the ruling in <u>Curtis</u> and 29 U.S.C. §185, Plaintiff's claim is controlled by the CBAs that were in effect during her employment.  Thus, 29 U.S.C. §185, a federal law, applies and the claims are preempted.  <u>See generally</u> 29 U.S.C. §185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.").  Accordingly, this Court has original jurisdiction over the overtime claim in this action.

## <u>SUPPLEMENTAL JURISDICTION</u>

11.     Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining state law causes of action, most of which are predicated on and related to Plaintiff's claim for alleged failure to pay overtime, which is preempted pursuant to 29 U.S.C. § 185, and generally matters that are in the scope of the collective bargaining agreements.  <u>See</u>, <u>e.g.</u>, Smith Decl., at ¶ 2 & Exhibit C, at ¶¶ 59, 79, 90, 96-97, 102, 109-11, 118, and 126; Rocha Decl., at ¶ 3 & Exhibits A, B.  Plaintiff's state law causes of action are so related to the federal claim, so as to form part of the same case or controversy under Article III of the United States Constitution.  As such, supplemental jurisdiction is appropriate.

## <u>VENUE</u>

12.     Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(b).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles.

## <u>NOTICE OF REMOVAL</u>

13.     This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

14.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendants or filed by Defendants are attached hereto as the following exhibits, including:  the Complaint, summons, civil case cover sheet, and order assigning the action to the Honorable Elihu Berle (Smith Decl., at ¶ 2 & Exhibit C), the Proofs of Service of Summons to Defendants Memorial Health Services and Long Beach Memorial Medical Center (Id. at ¶ 3 & Exhibit D), and Defendants' Answer to the Complaint (Id. at ¶ 4 & Exhibit E).

**WHEREFORE**, Defendants requests that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated:  February 23, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

DANIEL J. McQUEEN
MELISSA M. SMITH
ALEXANDER RAFUSE

Attorneys for Defendants
MEMORIAL HEALTH SERVICES and
LONG BEACH MEMORIAL MEDICAL CENTER