O

# United States District Court
# Central District of California

AMY L. STENDAL et al.,

    Plaintiff,

    v.

MEMORIAL HEALTH SERVICES et al.,

    Defendants.

Case № 2:23-cv-01380-ODW (PDx)

**ORDER DENYING MOTION TO REMAND [10]**

## I. INTRODUCTION

Plaintiff Amy Stendal filed this action in state court, asserting state law wage and hour violations against Defendants Memorial Health Services, Long Beach Memorial Medical Center, and Miller Children's Hospital Long Beach Auxiliary, Inc. (Decl. Melissa M. Smith ISO Removal Ex. C ("Compl."), ECF No. 1-2.) Memorial Health and Long Beach Memorial removed the case to this Court on the grounds that one of Stendal's claims is completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Notice of Removal ("NOR") ¶¶ 8–10, ECF No. 1.) Stendal now moves to remand. (Mot. Remand ("Motion" or "Mot."), ECF No. 10.) For the reasons that follow, Stendal's Motion is **DENIED**.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

On January 11, 2023, Stendal filed her Complaint in Los Angeles County Superior Court. Stendal alleges wage and hour claims on behalf of herself and a putative class of similarly situated persons for violations of the California Labor Code, (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to timely pay wages during employment; (6) failure to timely pay wages upon separation; (7) failure to reimburse necessary expenses; (8) failure to provide itemized wage statements; and (9) violation of the California Business and Professions Code, section 17200, unfair business practices. (Compl. ¶¶ 50–128.)

On February 23, 2023, Defendants Memorial Health and Long Beach Memorial ("Defendants") removed the case to this Court.[2] Defendants contend that the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the action because Stendal's overtime claim is completely preempted by § 301 of the LMRA. (NOR ¶¶ 8–10.) Defendants assert that Stendal was covered by a collective bargaining agreement ("CBA") that meets the requirements for certain exemptions under state law, such that Stendal's overtime claim arises under the CBA and not state law. (*Id.*; Decl. Cinthya Rocha ISO Removal Exs. A ("CBA-A"), B ("CBA-B"), ECF No. 1-1; *see also* Opp'n Mot., ECF No. 11.) Stendal seeks remand to state court, arguing that her overtime claim arises under state law and not the CBA, so it is not preempted and this Court lacks subject matter jurisdiction. (*See* Mot. 1; *see generally* Reply ISO Mot., ECF No. 12.)

---

[2] The record does not reflect that Defendant Miller Children's Hospital joined in or consented to removal as required by 28 U.S.C. 1446(b)(2). (*See* NOR.) However, Stendal does not challenge removal on the basis of this procedural defect and the time to do so has expired. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). As such, Stendal has waived this defect. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037–38 (9th Cir. 1995).

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil claims "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A corollary to the well-pleaded complaint rule is the doctrine of complete preemption, which "provides that Congress may so completely preempt a particular area that any civil complaint raising" that type of claim "is necessarily federal in character." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (internal quotation marks omitted). "[I]f a federal cause of action completely preempts a state cause of action[,] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 1243–44 (alteration in original) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 24 (1983)).

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed against removal jurisdiction, and the defendant has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## IV. DISCUSSION

As the removing party, Defendants bear the burden to establish jurisdiction. *Id.* Defendants argue that the Court has federal question jurisdiction because Stendal's second cause of action, failure to pay overtime in violation of California Labor Code sections 510, 1194, 1197, and 1198, arises not under state law but instead under § 301 of the LMRA due to the CBAs. (NOR ¶¶ 8–10; Opp'n 3–9.)

### A. LMRA Preemption

Section 301(a) of the LMRA provides district courts with jurisdiction over claims arising from "violation of contracts between an employer and a labor organization representing employees in an industry." 29 U.S.C. § 185(a). Federal substantive law preempts state law in an action arising under § 301 to further the interest in uniform federal interpretation of collective bargaining agreements. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–10 (1985). Accordingly, claims "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Id.* at 210.

To determine whether a state law claim is preempted by § 301 of the LMRA, the Court must first consider whether the asserted cause of action involves a right conferred upon an employee by virtue of state law or by the CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the right exists "solely as a result of the CBA," the claim is preempted. *Id.* However, "claims are not simply CBA disputes by another name . . . if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (en banc) (citations omitted).

Second, if the right does exist independently of the CBA, the Court must then consider whether it is "substantially dependent on analysis of a collective-bargaining agreement." *Burnside*, 491 F.3d at 1059 (quoting *Caterpillar*, 482 U.S. at 394). If the claim requires the court to "interpret," rather than merely "look to," the CBA, then the

claim is "substantially dependent" thereon and is preempted by § 301. *Id.* at 1059–60. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the [CBA] must inhere in the nature of the plaintiff's claim." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (quoting *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc)).

### B. Failure to Pay Overtime—California Labor Code sections 510, 514

Here, the provision of the California Labor Code on which Stendal's overtime claim relies, section 510, is subject to an exception for employees covered by qualifying CBAs. Specifically, California Labor Code section 514 provides:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Defendants establish that the CBAs covered Stendal and the class of individuals she seeks to represent, and that the CBAs satisfy the requirements of section 514. (*See* Opp'n 6–7.) The CBAs expressly provide for the wages, hours of work, and working conditions of employees. (CBA-A 15–20 (conditions), 22–23 (hours), 24–26 (compensation); CBA-B at 15–24 (conditions), 25–27 (hours), 28–31 (compensation).) The CBAs also expressly provide for premium wage rates for all overtime hours worked, and a regular hourly rate of pay that is not less than thirty percent more than California's minimum wage rate. (*See* CBA-A 38; CBA-B 45.)

As the CBAs satisfy section 514, section 510 does not apply to Stendal. Accordingly, the source of her second cause of action for failure to pay overtime wages can only be the CBAs. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) ("Curtis's CBAs in this case meet the requirements of section 514, and therefore Curtis's claim for overtime pay is controlled by his CBAs."). As such, Stendal's second cause of action exists as a result of the CBA and is preempted. *Id.*

("Because Curtis's right to overtime 'exists solely as a result of the CBA,' his claim that Irwin violated overtime requirements . . . is preempted under § 301." (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016))); *Burnside*, 491 F.3d at 1059 ("If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there.").

Stendal argues that Defendants may not remove the case based on federal preemption as a defense. (Mot. 8:13.) Stendal is correct that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'" which provides that removal is generally inappropriate when it is grounded only in "[a] defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 392–93. However, the Supreme Court clarified that complete preemption operates with such extraordinary force, it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 393 (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Thus, when federal law completely preempts an area of state law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis*, 913 F.3d at 1152 (citing *Metro. Life Ins.*, 481 U.S. at 65). In view of the foregoing, Stendal's argument fails.

The Ninth Circuit in *Curtis* applied this rule to an overtime wage claim raised pursuant to California Labor Code section 510, and concluded that, because the CBAs met the requirements of section 514, the plaintiff's right to overtime "exist[ed] solely as a result of the CBA," and the claim was thus preempted under § 301. 913 F.3d at 1154. "[A]n overwhelming majority of courts have applied *Curtis* to exercise original jurisdiction over claims covered by CBAs compliant with section 514."

*Alexander v. Bio-Pac., LLC*, No. 2:23-cv-00139-SPG (PDx), 2023 WL 2573866, at *4 (C.D. Cal. Mar. 20, 2023) (collecting cases). This Court does as well.

### C. Supplemental Jurisdiction

Defendants request that the Court exercise supplemental jurisdiction over Stendal's remaining state law claims because they arise from the same allegations as the preempted overtime claim. (NOR ¶ 11; Opp'n 9.)

Where original jurisdiction exists over a claim, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The decision to exercise [supplemental] jurisdiction remains discretionary with the district court." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002).

Stendal's remaining claims arise from the same allegations and relate to the same wages, hours, and working conditions. Therefore, Stendal's remaining claims are sufficiently related to the preempted claim that the exercise of supplemental jurisdiction is appropriate. Accordingly, to the extent that Stendal's claims fall outside the scope of LMRA preemption, the Court at this time exercises supplemental jurisdiction.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Remand. (ECF No. 10.)

**IT IS SO ORDERED.**

May 5, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**